STATE OF NEW YORK
ATTORNEY GENERAL
MANAGING CLERK'S OFFICE
RECEIVED

2016 APR 28  AM 9: ~~MOTIONS UNIT~~

RECEIVED
MOTIONS UNIT
2016 APR 28  A 10: 32

DISTRICT ATTORNEY
NEW YORK COUNTY

United States District Court
Southern District of New York

------------------------------------------------------X

In re Lidya Radin,

     Claimant/petitioner,

    -against-

Acting Presiding Judge **Peter Tom**,
Judge, New York Supreme Court,

Appellate **Division**, First Department,
and the clerks of court, John and Jane

Does, 1-15

**Cyrus Robert Vance, Jr.**,
District Attorney,

**Eric Schneiderman**, Attorney General
of the State of New York,

     Respondents.

------------------------------------------------------X

S.D.N.Y.  Docket no:_____

2009 NY 048859 - *Criminal court docket Number*

*N.Y. County Clerk # 570444/11*

# 16CV3291

## NOTICE OF PETITION FOR A

## WRIT OF PROHIBITION

## ORAL ARUGMENT DEMANDED

**WITH A STAY AND MOTION FOR POOR
PERSON'S RELIEF**

*Jury Trial demanded (fox)*

**PLEASE TAKE NOTICE**, that upon the annexed Petition of Lidya Radin, sui juris, dated
the 28th day of April, 2016, and upon all the pleadings, submissions, and proceedings heretofore
had incorporated herein by reference, the undersigned will move this Court at a term thereof to
be held at 500 Pearl Street, New York, New York on the _____
day of _____, 2016, at 9:30 o'oclock in the forenoon of that date, or as soon
thereafter as can be heard:

For **( 1 )** a **WRIT OF PROHIBITION** that the body or officer(s), proceeded, is proceeding,
and is about to proceed without or in excess of jurisdiction ( prohibition ), and , and **( 2 )** for
such other and further relief and/or restitution that justice demands.

This action is not on the trial calendar.

2016 MAY -3  AM 10: 20
SDNY PRO SE OFFICE
RECEIVED

U S DISTRICT COURT SDNY
2016 MAY -3  A 12: 04
RECEIVED

**TAKE FURTHER NOTICE** that all answering papers, if any, shall be served at least 20 days before the return date of this Petition. If you fail to appear, judgment by default will be taken against you.

Dated:  New York, New York
        28-April-2016

*Lidya Rodin*

c/o Friendly
203 West 107 Street, # 8A
New York, New York 10025
Mobile: 516-445-4390
Email: radin.lidya2@gmail.com

Acting Presiding Judge **Peter Tom**
New York Supreme Court
Appellate **Division**—First Depatment
27 Madison Avenue
New York, New York 10010
Telephone: 212-340-0400

**Cyrus Robert Vance, Jr.**
Manhattan District Attorney
One Hogan Place
New York, New York 10013

**Eric Schneiderman**
Attorney General of the State of New York
New York City Office
120 Broadway
New York, New York 10271-0332

STATE OF NEW YORK
ATTORNEY GENERAL
MANAGING CLERK'S OFFICE
RECEIVED

2016 APR 28   AM 10: 00

United States District Court
Southern District of New York
---------------------------------------------------X

In  re  Lidya Radin,

                 Claimant/petitioner,

         -against-

Acting Presiding Judge **Peter Tom**,
Judge, New York Supreme Court,

Appellate **Division**, First Department,
and the clerks of court, John and Jane

Does, 1-15

**Cyrus Robert Vance, Jr**.,
District Attorney,

**Eric Schneiderman**, Attorney General
of the State of New York,

                 Respondents.
---------------------------------------------------X

S.D.N.Y.  Docket no:_____

2009  NY  048859: criminal court docket no.
N.Y. County Clerk #  570444/11

# VERIFIED  PETITION FOR A

# WRIT OF PROHIBITION

## ORAL ARUGMENT DEMANDED

**WITH A STAY AND MOTION FOR POOR**
**PERSON'S  RELIEF**

1. The Second Circuit used an Internet site as a source for Judicial Notice in Briscoe v.

    Ercole, 565 F.3d 80, 83 ( 2nd Cir. 2009 ).  Thus, to protect myself and members of  Court

    Watchers, I am posting my papers on the Internet and otherwise publishing them and

    distributing them widely.

2. I am informing this Court of continuing special appearances by me until informed by this

    Court that I am proceeding in a Court of constitutional due process in an adversarial

    system with a plaintiff/petitioner, defendant/respondent(s) , and a neutral, disinterested

    judge.

3. In connection with my spinal injuries pursuant to the Americans with Disabilities Act, I am taking ample time to serve and file this Writ of Prohibition as an accommodation and I reserve the right to provide Supplement Papers to be heard with this Writ of Prohibition.

4. I, Lidya Radin, sui juris, pro per, pro se, a living woman, make this Verified Petition for a Writ of Prohibition to prohibit the state court, Appellant Division, First Department from taking any further action because that Court lost jurisdiction by violating my constitutionally-protected and guaranteed rights to equal protection, due process and redress by refusing to give the lower district criminal court an additional 30 days that it requires to retrieve my file from its Archives.

5. My rights are being violated because of the lower criminal court's inability to provide me with my file such that material, relevant, and important information is being concealed.

6. Briefly, the facts are as follows.

7. In 2009 to 2010 I was subjected to malicious prosecution and abuse of process by the Manhattan District Attorney acting in concert with officials and others associated with my medical school, notably Daniel Riesel, a dishonest former federal prosecutor.

8. The prosecutor and the lower criminal court never obtained jurisdiction to prosecute me.

9. I committed no crime.

10. I was subjected to the crimes of false arrest and false imprisonment.

11. I was unlawfully incarcerated in Riker's Island prison from 2010 to 2011.

12. While unlawfully incarcerated in Riker's Island prison the psychiatric staff committed fraud and other crimes against me and taxpayers claiming falsely that I was their patient, when, in fact, I was never their patient.

13.  My attorneys colluded in these crimes.

14. In **2012** , Attorney Gerald J. Di Chiara was compelled to withdraw a brief he had filed in the Appellant Term because it contained false, misleading, and inaccurate statements.

15. In **2014**, the Manhattan District Attorney and Attorney Gerald J. Di Chiara were compelled to admit that the lower criminal court never acquired jurisdiction to criminally prosecute me.

16. In **2014**, the Manhattan District Attorney and Attorney Gerald J. Di Chiara were compelled to admit that I committed no crime.

17.  To wit, **I cannot waive subject-matter jurisdiction**, I have and I continue to have a **legitimate purpose** in seeking to access and correct my records from Yeshiva University's medical school.

18. As a constitutional issue, my records are property that belongs to me because I paid the fees that caused those records to be created and maintained.

19. For more details, see " REJECT & RETURN PAPERS TO ATTORNEY GENERAL BECAUSE AAG MICHAEL A. BERG INTENTIONALLY PROVIDED MATERIALLY FALSE & MISLEADING INFORMATION", provided here, for ease of reference.

20. In **2015**, I made a Writ of Prohibition to the Appellant **Division** to stop the Appellant **Term** from taking any further action because the Appellant Term did **not** have jurisdiction.

21. In **2015**,  Assistant Attorney General ( AAG) Michael A. Berg made a Answer in the Appellant Division to my Writ of Prohibition.

22. AAG Michael A. Berg's Answer contained false statements of material fact.

23. To Reply to AAG Michael A. Berg's Answer I needed to access documents and get certified photocopies from my file at the lower criminal court.

24. My constitutionally-protected and guaranteed right to due process and equal protection includes my right to make a Reply to AAG Michael A. Berg's Answer.

25. The lower criminal court could <u>not</u> provide access to documents and could <u>not</u> certify photocopies for the Appellant Division because it sent my file to its Archives and needed 90 days, at least, to retrieve my file.

26. On **January 12, 2016**, the Appellant Division gave an Order adjourning my Writ of Prohibition to April 28, 2016 to give the lower criminal court the time it required to retrieve my file from its Archive: *"Application for Writ of Prohibition is adjourned on consent of state and without opposition from DA to April 28, 2016 from today's calendar"* see Order and letter from Criminal Court of the City of New York, provided.

27. On April 27, 2016, because of the lower criminal court's inability to provide my file to me so that I could access and certify documents to make a Reply, as is my constitutionally-protected and guaranteed rights to due process and equal protection, and so that **material, important and relevant information would <u>not</u> be intentionally concealed, a crime**, I was compelled to convey to the Appellant Division that the lower criminal court requried an additional 30 days in a request for Interim Relief, see attached application from April 27, 2016.

28. I did so.

29. The State of New York did <u>not</u> oppose.

30. Unlawfully the Acting Presiding Judge **Peter Tom** denied my lawful request, see attached Order.

31. Acting Presiding Judge Peter Tom demonstrated bias against me, a disabled woman conservatively managing spinal injuries to avoid surgery and managing a potentially life-ending physical medical condition, and <u>contempt</u> for United States Supreme Court rulings, see Faretta v. California, 422 U.S. 806 (1975), which is controlling and which requires the justice system to be neutral to the self-represented, as here.

32. The lower criminal court's inability to provide my file to me to **conceal information** from me and the Appellant Division is <u>not</u> a failure, <u>not</u> a frustration, <u>not</u> an obstruction, <u>not</u> a deception <u>on my part</u>.

33. However, the Appellant Division's denial of a reasonable extension of time required by the lower criminal court **<u>does</u>** violate my constitutionally-protected and guaranteed rights to due process, equal protection and redress such that the Appellant <u>Division</u> lost jurisdiction giving rise to this Writ of Prohibition.

34. In addition, the Appellant Division's denial of a reasonable extension of time required by the lower criminal court gives rise to a criminal episode **<u>against</u> <u>me</u>** such that I have acquired jurisdiction to criminally prosecute **Peter Tom** pursuant to **18 U.S.C. section 2017, concealment**, and pursuant to Denton v. Hernandez, 504 U.S. 25 ( 1992 ), as a indigent litigant I can commence a criminal action in federal court.

35. Even if the Manhattan District Attorney tried to make some twisted, tortured, false argument that by deceit and collusion he obtained  personal jurisdiction during the farce of the criminal proceeding in 2009 to 2010, the lower criminal court still lost jurisdiction during the farce of the criminal proceeding in 2009 to 2010 because my medical school did <u>not</u> comply with a subpoena.

36. I provided affidavits and information to show that during the farce of the criminal proceeding from 2009 to 2010 my medical school did <u>not</u> comply with a subpoena violating my right to equal protection, due process, effective assistance of counsel and redress, thereby losing jurisdiction.

37. In addition, I provided affidavits and irrefutable information to show that my lawyers colluded with Riker's Island psychiatrists and psychiatric staff to commit crimes against me and to defraud taxpayers.

38. Because  intentionally false records created and maintained by my medical school formed the basis of creating even more false records at Jersey City Medical Center,  I was physically assaulted without cause by a Court Security Officer and almost killed in this courthouse on January 28, 2016, see my affidavit from April 15, 2016, received by this Court on April 18, 2016, and the February 7, 2016, affidavit of Dean Loren.

39. Court Security Officers were goaded into physically assaulting Jayson Burg and me based on intentionally false records and reports falsely characterizing us as terrorists, see the January 7, 2016 and the February 5, 2016 letters of Attorney John A. Azzarello to AUSA Elisa T. Wiygul regarding the  "Caution Notice".

40. The  "Caution Notice"  has my name and April Cabbel's name on it.

41. The "Caution Notice"  falsely characterizes and defames me as a  "Sovereign Citizen".

42. AAG Michael A. Berg conspired and conspires with U.S. Attorney Paul Fishman.

43. U.S. Attorney Paul Fishman admitted that he lied about me.

44. Jayson Burg and I published the facts that showed U.S. Attorney Paul Fishman lied.

45. The "Caution Notice"  is a retaliatory gesture against me and Jayson Burg.

46. The  physical assaults without cause on me and Jayson Burg are retaliatory gestures.

## Jurisdiction

This Court has jurisdiction under Federal Question jurisdiction for violations of my constitutionally-protected and guaranteed rights under the United States Constitution, under the **All Writs Act, 28 U.S.C. section 1651,** under common law, and pursuant to violations of federal law, Federal Question jurisdiction, violations of 18 U.S.C. section 2017 ( concealment ), 18 U.S.C. section 2382 ( misprision of treason ), 18 U.S.C. sections 2384 and 2385 ( seditious conspiracy, insurrection ), 42 U.S.C. 1983, 1986, 1988  ( conspiracy to deprive rights ).

In addition to U.S. Supreme Court decisions which are controlling:
Marbury v. Madison, 5 U.S.  137 ( 1803 ), the U.S. Constitution is the Supreme law of the land; United States v. Lee, 106 U.S. 196 ( 1882 ), officers of the government are creatures of the law and they are bound by the law; Wardius v. Oregon, 412 U.S. 470 ( 1973 ), discovery is the backbone of due process; Cole, State Hospital Superintendent, et al v. Richardson, 405 U.S. 676 ( 1972 ), illegal, unconstitutional conduct is sedition, subversion; Faretta v. California, 422 U.S. 806 (1975), requires the justice system to be neutral to the self-represented, as here; United States v. Lopez, 514 U.S. 549 ( 1995 ), bench trial reversed for lack of jurisdiction.

## Parties

**Lidya Radin**, physically disabled woman conservatively managing spinal injuries to avoid surgery, and managing a potentially life-ending physical medical condition.

Acting Presiding Judge **Peter Tom**, Judge, Appellant Division, First Department, Supreme Court of New York,  judge and his clerks, attorneys, proceeded, is proceeding, and is about to proceed without or in excess of jurisdiction ( prohibition )  against me.

 **Cyrus Robert Vance, Jr.**, Manhattan District Attorney, proceeded, is proceeding, and is about to proceed without or in excess of jurisdiction ( prohibition )  against me.

 **Eric Schneiderman,** Attorney General of the State of New York, proceeded, is proceeding, and is about to proceed without or in excess of jurisdiction ( prohibition )  against me.

## Relief sought

I move this Court for an orders and judgments as follows:

i.    an order preventing the State Attorney General's Office from using public funds to
      defend the unconstitutional conduct and criminal acts and anti-social behavior of judges

who because of their conduct lost jurisdiction and are being sued in their personal capacity,

ii.    a subpoena to the lower criminal court, to the Appellant Term, to the Appellant Division, to the Albert Einstein College of Medicine of Yeshiva University, to the U.S. Marshal Service and to the Joint Terrorism Task Force to provide my complete, unedited, unredacted records to this Court,

iii.   a criminal referral to U.S. Attorney Preet Bharara who must prosecute for constitutional violations and for racketeering, defined as collection of an illegal debt, as in the federal student loan fraud executed against me, see In the Matter of  In re Grand Jury Application, 617 F. Supp 199 ( 1985 ), and an immediate refund with interest and damages of all the money I paid pursuant to federal student loan fraud,

iv.     for poor person's relief,

v.    an order preventing the Appellant Division from proceeding any further as that Court is without jurisdiction for constitutional violations ( prohibition ),

vi.   and for such and further relief and remedy as may be just and proper,

vii.  that this Petition be granted in its entirety, and that other and further relief and remedy be granted as justice demands including restitution and the costs of this Petition.


28-April-2016
New York, New York

Lidya Radin, sui juris, pro per, pro se


8



SUPREME COURT OF THE STATE OF NEW YORK

APPELLATE **DIVISION**: FIRST DEPARTMENT

STATE OF NEW YORK
ATTORNEY GENERAL
MANAGING CLERK'S OFFICE
RECEIVED

2016 APR 28  AM 9: 59

———————————————————————————x

Lidya Radin,

                Claimant, petitioner,

      -against-

Judge Richard B. Lowe III, Judge, New York Supreme
Court, Appellate Term—First Department, and his law clerks;

Cyrus Robert Vance, Jr.,  District Attorney, County of New York;

Eric Schneiderman, Attorney General of the State of New York;

                Respondents.

———————————————————————————x

Appellate Division Docket

No:  ?

N.Y.County Clerk's

# 570444/11

Docket #: 2009NY048859

**REJECT &  RETURN**

**PAPERS TO ATTORNEY**

**GENERAL BECAUSE**

**AAG MICHAEL A. BERG**

**INTENTIONALLY
PROVIDED MATERIALY**

**FALSE & MISLEADING**

**INFORMATION**

I, Lidya Radin, petitioner, reject Assistant Attorney General (AAG) Michael A. Berg's

" ANSWER AND AFFIRMATION IN OPPOSITION  TO ARTICLE 78 PETITION "  and

return it to the New York State Attorney General because:

1.  It is frivolous in that it asserts material factual statements that are false, in violation of

    N.Y.C.R.R. 130-1.1(c)(3).

2.  In paragraph eight, AAG Berg stated:  *"As  set forth in her brief to the Appellate Term*

    *dated September 10, 2012....",*  **that brief was withdrawn by Attorney Gerald J. Di**

    **Chiara.**

1

3. In paragraph thirteen, AAG Berg stated: " Inexplicably, despite having appealed her conviction, Petitioner now seeks a writ of prohibition to prevent the Appellate Term from considering her appeal.  She has not withdrawn the appeal, but has moved to stay the appeal pending the outcome of this Article 78 proceeding " ; this is a materially false statement.

4. It was not until **September 2014** that Attorney Di Chiara and the Manhattan District Attorney  admitted that the lower criminal court never acquired jurisdiction to criminally prosecute me, see the affidavit of Patricia Sachs, already provided to this Court.

5. There is **no** warrant for my arrest.

6. There are **no** sworn oaths by complaining witnesses based **on facts** on which to base an arrest warrant.

7. There is **no** Grand Jury indictment.

8. I **never** agreed to be prosecuted by a prosecutor's information in violation of the New York State Constitution, Article 1, section 6.

9. I committed **no** crime.

10. The statutes that were used to prosecute me require "**no legitimate purpose**" in contacting officials and others associated with my medical school to access and correct educational and financial records that were intentionally falsified and that are being used to inflict continuing harm on me including federal student loan fraud and other crimes.

11. **I cannot waive subject-matter jurisdiction:** I had and I continue to have a **"legitimate purpose"** in seeking to access and correct my records from Yeshiva University's medical school which school officials intentionally falsified.

12. In fact, I asked for access to my records **BEFORE** I became a *"former"* student rendering federal Judge Robert P. Patterson Jr.'s 2005 ruling **void.**

13. Federal Judge Robert P. Patterson Jr.'s 2005 fabricated, bogus ruling that a "former" student could not access and correct her records absent a school policy is absurd; it is not based on facts or law.

14. As a constitutional issue my records are property that belongs to me, because I paid the fees that caused those records to be created and maintained.

15. Manhattan Assistant District Attorney **Hilary Hassler** intentionally denied irrefutable evidence and refuses to do her job.

16. AAG **Michael A. Berg** intentionally denied irrefutable evidence and refuses to do his job.

17. I cannot do an appeal because the lower criminal court never acquired jurisdiction to prosecute me.

18. The proceedings in the lower criminal court are **VOID, a nullity, technically they do not exist.**

19. The proceedings in the lower court are not void-able, they are not appeal-able. They do not exist.

20. Because the lower criminal court never acquired jurisdiction to prosecute me, it cannot transfer jurisdiction to the Appellant Term pursuant to an appeal.

21. At each stage of the proceedings a court must acquire jurisdiction and maintain jurisdiction.

22. A court loses jurisdiction when it violates constitutionally protected and guaranteed rights.

23. Even if the Manhattan District Attorney tried to make some twisted, tortured, false argument that by deceit he obtained ( personal ) jurisdiction, the lower criminal court still lost jurisdiction because the school did not comply with a subpoena.

24. This Court has already been provided with affidavits from witnesses to confirm that Yeshiva University's medical school did not comply with a subpoena.

25. I cannot appeal proceedings which do not exist, hence, my Writ of Prohibition to this Court to stop the Appellate Term from taking any further action.

26. This is _not_ the first time that AAG Michael A. Berg's papers had to be rejected.

27. I reserve the right to supplement this affidavit.

28. All these papers are being posted on the Internet, and otherwise distributed widely to show a pattern and practice of state officials committing crimes and otherwise breaking the law.

_I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence within 21 calendar days of tender of this affidavit at a For Cause Hearing and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein. Failure to rebut this affidavit will be evidence in the matter noted above that complainan(s)t/victim(s) was/were injured by loss of rights and that government agents' exceeded their jurisdiction._

Sworn and subscribed to me this 28ᵗʰ _____ day of April 2016.

_Lidya Radin_
LIDYA RADIN
28-April-2016
✱ NOTE: Filed raised seal original

_Abalbisa Csajbok_

ABALBISA CSAJBOK
Notary Public - State of New York
NO. 01CS6177745
Qualified in New York County
Commission Expires Nov 19, 2019

4

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date April 27, 2016

Title of Matter: Writ of Prohibition in
RADIN v. Lowe, et al   Docket#: 2009 NY 048859
Petitioner   Index/Indict # _____
NY County Clerk's # 570444/11

Appeal by _____ from order judgment of decree   Supreme Surrogate's Family   County: _____
Court entered on _____, 20____

Name of Judge _____   Notice of Appeal filed on _____, 20____

If from administrative determination, state agency _____

Nature of action or proceeding: INTERim Relief - The lower criminal ⊖ court Requires AN Additional 30 days to obtain Records from their Archives. the lower criminal court cannot

Provisions of order judgment appealed from decree: certify documents for this court until it Retrieves the file from their Archives.

— Respondents Are Not prejudiced by this request.

See letter from lower criminal court.

This application by appellant/respondent is for:
See Faretta v. California, 422 U.S. 806 (1975) - Requires the justice system to be Neutral towards the self-Represented, As here. The Writ of Prohibition has merit because the lower criminal Never obtained jurisdiction to prosecut

If applying for a stay, state reason why requested: prosecute me; to wit, I cannot waive subject-matter jurisdiction. I have and I continue to have a "legitimate purpose" in seeking to access and correct my Records from my medical school at Yeshiva University.

Has any undertaking been posted / If "yes", state amount and type: As a constitutional issue my Records At my medical school Are property that belongs to me, because I paid the fees that caused those Records to be created and maintained.

Has application been made to court below for this relief: The DA has already admitted that there was No warrant for my arrest, No sworn oaths

Has there been any prior application herein in this court: If "yes", state dates and nature: based on Facts on which to base an Arrest warrant, No Grand Jury indictment and that I Never agreed

→ to be prosecuted by a prosecutor's Information. In short, the criminal court Never acquired jurisdiction.

→ denied evidence And Refused to do her job.

Has adversary been advised of this application: (Hilary Hassler) → denied evidence And Refused   Does he/she Lisa Dell, state AG, has A consent conflict she did not disclose.

Attorney for Movant

Name LIDYA RADIN, sui juris, proper pro se

Address: ℅ JOE FRIENDLY

203 W. 107th St. #8A

N.Y., N.Y. 10025

Tel. No. 516-445-4390

Appearing by ② HILARY HASSLER
Chief Appeals Bureau
office of the District
Attorney
ONE HOGAN PLACE
NY, NY 10013
212-335-9314

STATE
AG
120
Broadway
24th Floor
NY, NY
10271
212-416-8646

Berg
212-416-8651

① LISA ROTHSCHILD Dell
Head of State Attorney
General's Litigation
Bureau - Did Not
disclose that she has a
conflict of interest in my
suit against YESHIVA
University
- Michael A. Berg colluded in
fraud. I turned him into his
supervisor, CHARLES F. SANDERS.
- CHARLES F. SANDERS colluded in
violating the N.Y. State Constitution
see my affadavit from MARCH 16, 2016
- We went to LISA Dell - SHE HAS
A CONFLICT. WE WENT TO
INVESTIGATORS, AND ARE
continuing to provide more
evidence, see my affidavit
from 3/16/2016

(Do not write below this line)

DISPOSITION

application to adjourn is denied.

Justice   PT

4/27/16
Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ELH

ALL PAPERS TO BE SERVED PERSONALLY.

Court Attorney

"Revised 02/01"

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF
## (SUBMITTED BY MOVING PARTY)

Date JAN. 12, 2016

Title of Matter _Writ of Prohibition in_   Index/Indict # _____

_Radin v. Lowe et al   Docket #: 2009NY048859_
N.Y. County Clerks # 570444/11

Appeal by _____ from   ~~order judgment of decree~~   ~~Supreme Surrogate's Family~~   County: _____

Court entered on _____, 20__

Name of Judge _____

Notice of Appeal filed on _____, 20__

If from administrative determination, state agency _____

Nature of action or proceeding _Interim Relief to ~~maintain~~_
_State AG consented; DA is "unopposed"._

Provisions of ~~order judgment appealed from decree~~   _Faretta v. California,_
_422 U.S. 806 (1975) requires the_
_Justice system to be neutral towards the_
_self-represented, as here._

This application by ~~appellant~~ Petitioner ~~respondent~~ is for _Interim Petif Relief: An order_
adjourning the Writ of Prohibition to April 28, 2016, 90 days,
as requested by the lower criminal court to obtain
records from the Archives; the lower criminal court cannot
certify copies of records until it retrieves the file

If applying for a stay, state reason why requested _from the Archives. Respondents_
are NOT prejudiced by this request.

See accompanying affidavits from: Lidya Radin, Michael
Krichevsky, Michael Potegal, Ozana Radin, Janice Wolk
Grenadier,

Has any undertaking been posted _____ If "yes", state amount and type _____
And pages 10 to 21 from filed court papers showing
certified return receipts for letters to the school
that were NOT provided in response to a subpoena in the
crime of obstruction of justice. ~~the~~

Has application been made to court below for this relief _____
If yes, state Disposition _____

Has there been any prior application herein in this court _____
If "yes", state dates and nature _____

Has adversary been advised of this application _YES_

Does he/she ~~is~~ consent _State Attorney General Consented; DA is "unopposed"_

**Attorney for Movant**

**Attorney for Opposition**

CHARLES F. SANDERS

Name ___LIDYA RADIN___

① MICHAEL A. BERG / SANDERS
ASSISTANT ATTORNEY GENERALS

Address ___c/o JOE FRIENDLY___
___203 W. 107½ St, #8A___
___NY, NY 10025___

120 BROADWAY, 24th FLOOR
NY, NY 10271
212-416-8670 (GENERAL)
212-416-8594 - CHARLES F. SANDERS

Tel. No. ___516-445-4390___

Appearing by ___PRO PER PRO SE,___
___SUI JURIS___

② HILARY HASSLER, Chief
Appeals Bureau
OFFICE of the DISTRICT ATTORNEY
ONE HOGAN PLACE
NY, NY 10013
212-335-9314

**(Do not write below this line)**

**DISPOSITION**

Application for Writ of Prohibition is adjourned on consent of state and without opposition from DA to April 28, 2016 from today's Calendar.

Movant to serve State AG + DA by First Class mail.

WB

_____        ___1/12/2016___
Justice                                        Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY.

WB

Court Attorney

"Revised 02/01"

**NEW YORK STATE**
**Unified Court System**
CRIMINAL COURT OF THE CITY OF NEW YORK

Name of Defendant: _Radin, Lidya_

Date of Arrest: _6-3-2009_

Docket Number: _2009NY048859_

Dear Sir / Madam:

Your request for copies of archived papers has been processed. **Please call**
**(646) 386-** _4512_ **after ninety (90) business days** and request to speak to the
individual whose name appears at the bottom of this receipt.

My name is _Mrs. Lee_ , please call me ninety (90) business days on /
or after _5/5/2016_ .

Thank you.

_1/4/16_
Dated

_____
Court Official

Ads by Google

superlawyers.com

**Top New York Attorneys** - Super**Lawyers**.com
Browse Top Rated **New York Attorneys** With SuperLawyers For Free.
Family Lawyer Profiles
PI Lawyer Profiles

# Lisa Rothschild Dell Attorney General Office

## 120 Broadway, New York, NY 10271-0002, United States

legalmatch.com
★★★★★ (4.4)

**Find an Attorney - Free - Find the Right Lawyer** in Your Area
Attorney (http://opendatany.com/attorney.php)
Save Time · Describe Your Case Now!
New York (http://opendatany.com/attorney.php?city=New+York&state=NY)
Affordable Attorney · No Obligation Consult · Legal Services Offered
10271 (http://opendatany.com/attorney.php?zip=10271)
/ Attorney General Office (http://opendatany.com/attorney.php?company=ATTORNEY+GENERAL+OFFICE)
Benjamin Cardozo (http://opendatany.com/attorney.php?school=BENJAMIN+CARDOZO)

**Need a Top NYC Attorney?** - NYCLawyersGuide.com

Ads by Google

law.justanswer.c...      **Ask an Attorney** Online - An **Attorney** Will Answer in Minutes
★★★★★ (4.8)        Questions Answered Every 9 Seconds.
                 Helped Over 8MM Worldwide · 12MM+ Questions Answered
                 "A+ Rating" - Better Business Bureau

                 Ask on Just Answer Now          Ask Real Estate Lawyers
                 Ask Employment Lawyers          Ask Small Claims Lawyers
                 Ask Criminal Lawyers            Ask Civil Lawyers

when.com         **Attorney General Office NYC** - when.com
                 Explore Attorney General Office NYC Discover More on When.com!

wow.com          **Attorney General Office NYC** - wow.com
                 Search for Attorney General Office NYC Look Up Quick Results Now!

*she has a conflict of interest in my law suit against Yeshiva University*

*→ Did not disclose that*

**LISA ROTHSCHILD DELL** is registered attorney admitted in New York State
in 1982. The registration number is **1814029**. The company office is
ATTORNEY GENERAL OFFICE (http://opendatany.com/attorney.php?
company=ATTORNEY+GENERAL+OFFICE). The office address is **120
Broadway, New York, NY 10271-0002, United States**. The county is **New
York**. The phone number is **(212) 416-8646**. The law school is BENJAMIN
CARDOZO (http://opendatany.com/attorney.php?
school=BENJAMIN+CARDOZO). *= Yeshiva University's Law School*

Lisa Rothschild Dell · Attorney General Office

# CARDOZO
*[handwritten: = Yeshiva University's Law School]*

# LAW REVIEW

## VOLUME 2

*Editor-in-Chief*
ROBERT B. CALIHAN

*Managing Editors*
LINDA D. COHEN
ANTHONY L. RAFEL

*[handwritten: Lisa Rothschild Dell → Charles F. Sanders → Michael A. Berg]*

*Articles Editors*
SAUL H. FINKELSTEIN
SETH B. SCHAFLER

*Research Editor*
SANFORD P. DUMAIN

*Notes and Comments Editors*
DIANE WELLING CIPOLLONE
NATALIE T. LEVY
STEPHANIE B. MUDICK
WILLIAM S. RUBENSTEIN
JACK M. RUSSAK

*Business Manager*
HARRIS WIENER

*Associate Editors*

ROBERT W. CLEVELAND
CHARLES DELAFUENTE
LUSYD W. DOOLITTLE

JANE T. FELDMAN
MICHAEL FELDMAN
MICHAEL KARPEN

ANITA LYNN LAPIDUS
ROBIN SCHIFF ANESI
JUDITH WILDMAN

*[handwritten: State Attorney General's Head of the Litigation Bureau]*

KEITH ARCHER
ROBERT S. BALSAM
JOANNE M. BIANCO
MARC BOGATIN
STEPHEN M. BREITSTONE
JOEL J. BRICKMAN
FELICIA BUEBEL
ROSEMARIE CAPPABIANCA
LISA ROTHSCHILD DELL
J. GREGORY DRUMMOND
MARK S. EDELSTEIN
DANIEL FELBER
RHONDA L. FISHBEIN
RORY C. FLYNN
JO-ANN WEIL FOX
KAREN A. GANTZ
LORETTA M. GASTWIRTH

ISRAEL GOLDBERG
DAVID CHARLES GREEN
JULIE L. GREIFER
ARNOLD GULKOWITZ
DENA ANN GUTMAN
ELISSA KAHN HALPERIN
ANNE-MIRIAM V. HART
NESA E. HASSANEIN
CHANA BARRON HEFFNER
ADRIENNE ISACOFF
SHIRLEY DUNGAN KHEEL
MEYER LAST
DAVID M. LEDERKRAMER
ROBERT LIGANSKY
MARGARET A. MCGRITY
SUSAN MILLER
ROBIN J. NICHINSKY

ANN ELIZABETH O'SHEA
MEREDITH J. PERL
BARBARA WAY PHILLIPS
ROBIN P. SCHECHTER
ERIC M. SCHMIDT
MADELEINE R. SIDEL
PETER SILLS
ROBYN B. SILVERMAN
ALAN L. SKLOVER
MARK I. SOKOLOW
NANCY L. SPARLING
CHERYL SPECTOR
SCOTT A. STEINBERG
SHEILA P. WASSERMAN
KENNETH WEISSENBERG
FRAN S. WINTER
PETER M. ZIEMBA

*[handwritten: Did not disclose that she has a conflict of interest in my lawsuit against Yeshiva University]*

# AFFIDAVIT OF LIDYA RADIN REGARDING ASSISTANT ATTORNEY GENERAL CHARLES F. SANDERS ON MARCH 16, 2016

I, **LIDYA RADIN**, a live woman, one of the Posterity of People, am of full age, am competent and willing to testify, and having personal, first-hand knowledge of the facts stated herein swear to the following, under penalty of perjury:

1. On Wednesday, March 16, 2016 I accompanied Michael Krichevsky to Supreme Court Kings (Brooklyn) County located at 360 Adams Street, Brooklyn, New York.

2. Eric Richmond, a member of the press, and several other witnesses came with us.

3. Michael Krichevsky had a case in front of Judge Richard Velasquez.

4. Opposing Counsels are Assistant Attorney General ( AAG ) **Charles F. Sanders** and Attorney Noah Nunberg.

1. AAG **Charles F. Sanders** did <u>not</u> disclose that he had a conflict of interest involving Judge Velasquez.

2. AAG **Charles F. Sanders** was defending Judge Richard Velasquez in federal district court in the Eastern district of New York.

3. AAG **Charles F. Sanders** had a duty to disclose his conflict of interest.

4. Judge Velasquez had a duty to disclose his conflict of interest.

5. Judge Velasquez did <u>not</u> disclose his conflict of interest.

6. A woman named Horowitz claimed that she was the Senior law clerk to Judge Velasquez.

7. She had a duty to disclose Judge Velasquez's conflict of interest.

8. Horowitz, did <u>not</u> disclose Judge Velasquez's conflict of interest.

9. Michael Krichevsky asked for a court reporter to make his statements on-the-record in open, public court with witnesses present in the courtroom.

10. Judge Velasquez refused.

1

11. From the New York State Constitution, ARTICLE VI, JUDICIARY, [ Unified court system; organization; process ], Section 1.b:

   " The court of appeals, the supreme court including the appellate divisions thereof, the court of claims, the county court, the surrogate's court, the family court, the courts of civil and criminal jurisdiction of the city of New York, and such other courts as the legislature may determine shall be **_courts of record_**.  [ emphasis added ].

12. In relevant part, from Black's Law Dictionary, 4th Ed.,  **_a court of record_** is a court which **_keeps a record of the proceedings_**   [ emphasis added ].

13. Judge Velasquez violated the New York State Constitution, the U.S. Constitution, his oath of office, his contractual and fiduciary duties to exercise, uphold, and defend the living body of the law and proceeded without authority and without jurisdiction in violation of due process.

14. Judge Velasquez rendered the Kings County Supreme Court  **_a court of no record_**, a **_kangaroo court_**, a Mc Keanist Court, a basement court.

15. **Charles F. Sanders**, Assistant Attorney General of the State of New York, colluded with Judge Velasquez in violating the New York State Constitution and the U.S. Constitution, his oath of office, and his contractual and fiduciary duties to exercise, uphold, and defend the living body of the law and the public in continuing violations by proceeding in a court of **no** record without objection.

16. Attorney Nunberg colluded with Judge Velasquez in violating the New York State Constitution and the U.S. Constitution, his oath of office, and his contractual and fiduciary duties to exercise, uphold, and defend the living body of the law and the public in continuing violations by proceeding in a court of **no** record without objection.

2

17. AAG **Charles F. Sanders** and Attorney Nunberg had done the same on Wednesday, **July 22, 2015** with **Judge Silvia Ash**: colluded with the judge to violate the New York State Constitution, the U.S. Constitution, her oath of office, and her contractual and fiduciary duties to exercise, uphold, and defend the living body of the law and the public in continuing violations by proceeding in a court of **no** record.

18. Me and other witnesses expressed righteous indignation.

19. Injustice to one is injustice to all.

20. In the hallway, Horowitz engaged  Attorney Nunberg in a discussion about the case.

21. Attorney Nunberg was unresponsive to questions put to him by Michael Krichevsky.

22. When Mr. Krichevsky objected appropriately, Horowitz called court security officers to intimidate Mr. Krichevsky effectively ending any discussion.

23. After  Horowitz left the hallway, in front of witnesses, pursuant to another case that involved me and a member of Charles F. Sander's staff, AAG Michael A. Berg, I showed and explained to AAG Charles F. Sanders fraud upon the court in December 2015 involving Bronx Supreme Court Judge Thompson and AAG Michael A. Berg which I had recently discovered.

24. This was not the first time that I had to bring AAG Charles F. Sander's attention to wrongdoing by his staff against me.

25. For example, on October 8, 2015, AAG Charles F. Sanders acknowledged that his staff deceived him regarding a Writ of Prohibition that I had against Judge Lowe and the Manhattan District Attorney, Cyrus Robert Vance, Jr. in the First Judicial Department.

26. In another example, see my Affidavit in Support of Motion to Intervene by Lidya Radin, in Appellate Division Docket number, 2015-6261, Second Judicial Department, in

3

Michael Krichevsky against Charles F. Sanders, et al, wherein I relate the criminal

conduct of Judge D.D. Clark and Assistant Attorney General **Mark D. Rosenzweig**

against me on Thurday, August 13, 2015, as part of a **pattern and a practice** of New

York State judges violating the New York State Constitution and U.S. Constitution, their

oaths of office, their contractual and fiduciary duties to exercise, uphold, and defend the

living body of the law.

27. Subsequently, after the encounter in the hallway during which Attorney Nunberg was

unresponsive to questions put to him by Michael Krichevsky in front of witnesses, on

March 16, 2016, Judge Velasquez, Charles F. Sanders, Attorney Nunberg, Horowitz, and

court security officers tried to lure Mr. Krichevsky into coming into Judge Velasquez's

chambers alone.

28. Again, Mr. Krichevsky stated that he wanted to make his statements on-the-record in

open, public court with witnesses present in the courtroom with a court reporter.

29. Again, Mr. Krichevsky's lawful requests were refused.

30. Ultimately, Mr. Krichevsky was told to come back to court on March 22, 2016.

31. In the hours and days after March 16, 2016, we discovered that Judge Velasquez had a

conflict of interest that he did not disclose: he was a defendant in a federal lawsuit with

Charles F. Sanders as his defense attorney.

32. To protect Mr. Krichevsky on March 22, 2016, I arranged for an Orthodox Jewish

attorney, a man, to accompany Mr. Krichevsky to court on March 22, 2016 as a witness

in addition to other witnesses.

33. When we arrived at court on March 22, 2016, Mr.Krichevsky was given an order signed

by Judge Velasquez dated March 16, 2016.

34. In this order Judge Velasquez recused himself.

35. In this order Judge Velasquez made false allegations that Mr. Krichevsky had behaved badly on March 16, 2016 based on hearsay by Horowitz.

36. No one would explain to us why our time, money, and energy were wasted in making arrangements and preparing to come to court on March 22, 2016 and in coming to court on March 22, 2016.

37. On April 21, 2016, Eric Richmond asked for a court reporter in a case he has before another judge in Supreme Court Kings ( Brooklyn ) County.

38. Eric Richmond's lawful request was denied.

39. On Friday, April 22, 2016, Eric Richmond, Michael Krichevsky and I visited the state Attorney General's office located at 120 Broadway and asked to make an appointment to speak with Lisa Dell, Charles F. Sanders's superior.

40. We were given a run-around.

41. Ultimately, Charles F. Sanders came out of his office to speak with us.

42. Charles F. Sanders defamed Michael Krichevsky based on hearsay by Horowitz contained in Judge Velasquez's March 16, 2016 order.

43. Ultimately, investigators who were summoned admitted that Charles F. Sanders and "that office" including Lisa Dell exaggerated our reasonable and lawful request to make an appointment to speak with Lisa Dell, Charles F. Sander's superior.

44. I am providing this affidavit to investigators at the New York State Attorney General's office pursuant to my request to speak with Charles F. Sander's superiors regarding wrongdoing against me by members of the state Attorney General's office in addition to

criminal conduct against me by the Manhattan District Attorney's office, among other

things.

45. A copy of this affidavit is as good as the original.

46. I reserve the right to supplement this affidavit.


*I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence within 21 calendar days of tender of this affidavit at a For Cause Hearing and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein.  Failure to rebut this affidavit will be evidence in the matter noted above that complainan(s)t/victim(s) was/were injured by loss of rights and government agents' exceeded their jurisdiction.*

Sworn and subscribed to me this _____25th_____ day of April 2016.



*Lidya Radin*

LIDYA RADIN

MARK B. LINDE
Notary Public, State of New York
No. 01LI6121090
Qualified in Westchester County
Certificate filed in New York County
Commission Expires Jan. 10, 20__



NOTICE:   These documents ARE being posted on the Internet And otherwise being distributed widely.

6

At an I.A.S. Trial Term, Part 6 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 16th day of March 2016

P R E S E N T :

Hon. Velasquez Justice

Krieleuskey

Plaintiff(s)

Cal. No. 19, 20, 21, 22

Index No. 1947813

-against-

Horowitz

Defendant(s)

The following papers numbered 1 to read on this motion

| | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

the judge hereby recuses himself from this matter in its entirety. the pro se plaintiff cannot control himself, speaks out of turn, has brought numerous people with him and someone that those people & the [illegible] may have been press witness the conference [illegible] was attempting to conduct. I cannot take on this matter as I am currently involved in ongoing trial. the plaintiff has accused my law clerk of violating the law, the plaintiff refuses to [illegible] counsel.

For Clerks use only

MG___

MD___

Motion Seq. #

E N T E R

J.S.C.

HON. RICHARD VELASQUEZ, J.S.C

EJV-rev 11-04

IN RE: LIDYA RADIN

v.

Acting Presiding Judge Peter Tom et al

Writ of Prohibition, S.D.N.Y.

RECEIVED
2016 APR 13 PM 9:32
U.S. COURT OF
SECOND CIRCUIT
NIGHT OF DEPOSIT

## Affidavit List

+

## Affidavits

(1) JANICE WOLK GRENADIER, MARCH 8, 2016
(2) ERIC RICHMOND, April 6, 2016
(3) JOE Friendly, July 30, 2015
(4) Supplemental Affidavit of Joe
     Friendly, August 1, 2015
(5) JACLINN PULLMAN, August 5, 2015
(6) MICHAEL KRICHEVSKY, JANUARY 7, 2016
(7) MICHAL KRICHEVSKY, August 10, 2015.
(8) Pauline ROMAN, JANUARY 7, 2013

NOTE: These affidavits were also
     submitted in the Second Cir.

RADIN

v. IR

Doctor Ton, et al

E.D.N.Y. docket no:

12-cv-1395

April 13, 2016

Page 1 of 3

Affidavit List:

(1) Affidavit of Janice Wolk Wolk Grenadier, March 8, 2016
→ cabinet members, Loretta Lynch and Dr. John King, Jr, U.S. Attorney General and U.S. Secretary of Education have No plausible deniability.

(2) Eric Richmond, April 6, 2016, Affidavit

(3) Affidavit of Joe Friendly, July 30, 2015
  P 12 "BEFORE"

  Lidya Radin asked for her records
  BEFORE she became a "former" student
  rendering Judge Patterson's 2005
  ruling void, nullity, for fraud upon the
  court by court officers, extrinisic fraud

(4) Supplemental Affidavit of Joe Friendly, August 1, 2015
  P 3 school violated subpoena in 2009-2010
  state criminal procedi proceeding with Judge
  McLaughlin; school did NOT provide Ms. Radin's
  exams, obstruction of justice.

  IN RE: Lidya Radin            ×
        v.
  Acting Presiding Judge Peter Tom etal ×
  Writ of Prohibition in S.D.N.Y.

Doctor Tun, et al

E.D.N.Y. docket no:
17-CV-1395

April 13, 2016                                    Page 2 of 3

<u>Affidavit List</u> —continued

(5) Affidavit of Jaclinn Pullman, August 5, 2015
—see PP. 12 AND PP. 13   "BEFORE"
—LIDYA RADIN ASKED for her records ~~BEFORE~~ "BEFORE"
she became a "former" student rendering Judge
Patterson's 2005 ruling void, a nullity, for fraud
upon the court by court officers, extrinisic
fraud

see PP. 11 — school violated subpoena in 2009-2010
state ~~criminal~~ criminal proceeding with Judge
McLaughlin; school did <u>not</u> provide Ms. RADIN's
letters to the school, in the crime of
obstruction of justice

see PP. 3 — school violated subpoena in 2009-2010
state criminal proceeding with Judge
McLaughlin; school did <u>not</u> provide Ms. RADIN's
exams in the crime of obstruction of justice

(6) Affidavit of Michael Krichevsky, JANUARY 7, 2016
—see PP. 12   "BEFORE"
—LIDYA RADIN ASKED for her records "BEFORE"
she became a "former" student rendering
Judge Patterson's 2005 ruling void, a nullity,
for fraud upon the court by court officers,
extrinisic fraud

IN RE: LIDYA RADIN
                v.
Acting Presiding Judge Peter Tom, et al
Writ of Prohibition in S.D.N.Y.

RADIN
v. AR
Doctor Tun, et al

2nd CIR docket no: 15-3156
E.D.N.Y. docket no: 12-cv-1393

April 13, 2016

Page 3 of 3

AFFIDAVIT LIST - CONTINUED

(7) Affidavit of Michael Krichevsky,
      August 10, 2015
-see paragraphs 18, 19, 20 wherein
attorneys LAURA and Gerald J. DiChiara
conspired with Riker's Island prison
psychiatrists to create and maintain
false medical records; LIDYA RADIN WAS
NEVER their patient.

(8) Affidavit of Pauline Roman,
      JANUARY 7, 2013
- Attorneys LAURA and Gerald J. DiChiara
collude in crimes against LIDYA RADIN
and state and federal taxpayers.

IN RE: LIDYA RADIN       x
            v.
Acting Presiding
Judge Peter Tom, et al   x

Writ of Prohibition in S.D.N.Y.

↑
caption

RECEIVED 2016 APR 13 PM 9:32
U.S. COURT OF APPEALS
SECOND CIRCUIT
HIGH DEPUTY CLERK

# AFFIDAVIT OF JANICE WOLK GRENADIER REGARDING LIDYA MARIA RADIN AND ME SPEAKING PERSONALLY WITH U.S. ATTORNEY GENERAL LORETTA LYNCH ON MONDAY, JANUARY 18,2016

I,  Janice Wolk Grenadier, a living woman, of mailing address 15 W. Spring St., Alexandria, VA, 22301, telephone:  202-368-7178, one of the Posterity of the People, am of full age, am competent and willing to testify, and having personal, first-hand knowledge of the facts stated herein, swear to the following, under penalty of perjury:

1.  On Monday, January 18, 2016, Martin Luther King, Jr., day,  Lidya Maria Radin and I spoke personally with U.S. Attorney General Loretta Lynch regarding our case(s) such that Ms. Lynch has no plausible deniability.

2.  Loretta Lynch is a member of U.S. President Barack Obama's cabinet who reports to him.

3.  Ms. Lynch directed us to speak with her aide Christina Sivret.

4.  We did so.

5.  Also, on this day Lidya Maria Radin spoke personally with Dr. John King Jr., acting U.S. Secretary of Education since January 1, 2016

6.  Dr. John King Jr. is a member of U.S. President Barack Obama's cabinet who reports to him.

7.  Witnesses and Ms.Lynch's security team as well as other hard evidence can confirm these facts.

8.  A photocopy of this affidavit is as good as the original.

*I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence at a For Cause Hearing within 21 calendar days of tender of this affidavit and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein. Failure to rebut this affidavit will be evidence in the matter noted above that complainant(s)/victim(s) were injured by loss of rights and by government agents' interference and that they exceeded their jurisdiction.*

Sworn and subscribed to me, this _____8_____ day of ___MARCH___ 2016

Janice Wolk Grenadier

SHAKIRA LATEEFAH SPENCE
Notary Public - State of New York
NO. 01SP6295206
Qualified in Bronx County
My Commission Expires Dec 30, 2017

notary public

**AFFIDAVIT OF ERIC RICHMOND REGARDING THE U.S. MARSHAL SERVICE IN THE SOUTHERN DISTRICT OF NEW YORK MAKING FALSE REPORTS, MAKING FALSE ALLEGATIONS OF "CAUSING DISTUBANCE" TO UNLAWFULLY REMOVE ME AND LIDYA MARIA RADIN AND BLOCK FREE AND READY ACCESS TO THE COURTS.**

I, Eric Richmond, a living man, one the the Posterity of the People of New York, am of full age, am competent and willing to testify, and having personal, first-hand knowledge of the facts stated herein, swear to the following, under penalty of perjury:

1. I receive mail at 66 Back Meadow Road, Nobleboro, Maine, 04555.

2. My telephone number is 646-256-9613.

3. On Wednesday, April 6, 2016, Lidya Maria Radin and I went to the Second Circuit Court of Appeals located in lower Manhattan at 40 Foley Square, New York, New York.

4. We each have business at the federal courthouse.

5. Each of us had to speak with the clerks of court for procedural information.

6. We were followed by Court Security Officers.

7. We asked why we were being followed.

8. Ultimately, Deputy United States Marshal Valas stated that we were being followed because in the past Lidya Maria Radin had tried to report a crime directly to the federal Grand Jury.

9. We caused <u>no</u> disturbance.

10. Ultimately, we were forcibly removed simply because we asked questions.

11. The recordings will support this affidavit.

12. After we made criminal complaints to Federal Police Officer Sandusky, I was permitted to speak to the clerk briefly but was unlawfully and with force refused free access to the rest of the building.

13. Ms. Radin was not permitted to enter the building by Deputy United States Marshal Shayne Doyle.

14. Ms. Radin is suing Deputy United States Marshal Shayne Doyle.

15. A photocopy of this affidavit is as good as the original

16. I reserve the right to supplement this affidavit.

I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence within 21 calendar days of tender of this affidavit in a For Cause hearing and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein. Failure to rebut this affidavit will be evidence in the matter noted above that the complainant(s)/victim(s) was/were injured by loss of rights and government agents' interference and that government agents' exceeded their jurisdiction.

Sworn and subscribed to me this _____ 6ᵀᴴ _____ day of _____ APRIL 2016 _____ .

_____
ERIC RICHMOND

LAWRENCE J. DELORENZO
No. 01DE6111727
Notary Public, State of New York
Qualified in Westchester County
My Commission Expires 06/21/__2016__

2016 APR 13  PM 9: 33
RECEIVED
U.S. COURT OF
SECOND CIRCUIT
NIGHT DEPOSITORY

2 Of 2  Eric Richmond affidavit, Wednesday, April 6, 2016

## -AFFIDAVIT OF JOE FRIENDLY REGARDING LIDYA RADIN'S RECORDS AT THE COURT HOUSE, APPLELLATE TERM, FIRST DEPARTMENT, LOCATED AT 60 CENTRE STREET, NEW YORK CITY-

I, Joe Friendly, a living man, one of the Posterity of the People of New York, reside at 203 W. 107th Street, #8A, New York, New York, 10025, am of full age, am competent and willing to testify, and having personal, first-hand knowledge of the facts stated herein, swear to the following, under penalty of perjury:

( 1 )  On Thursday, July 30, 2015, in the afternoon, I reviewed the records of Lidya Radin at the court house, Appellate Term, First Department, located on the 4th floor, at 60 Centre Street, New York, New York.

( 2 )  I reviewed the July 14, 2009 subpoena demanding the production of records regarding Lidya Radin from Yeshiva University, Albert Einstein Medical College.

( 3 )  There were no financial records provided by the school pursuant to the subpoena that spoke to  *"...records of payment of tuition for any and all portions of her educational expense at said college, applications for any and all loans applied to in connection with her payment of college tuition together with any correspondence, including any additional correspondence between the college its administration or any other source concerning  LIDYA RADIN...".*

( 4 )  There were no financial records or other records or correspondence provided by the school pursuant to that subpoena regarding status reports and Lidya Radin and the Higher Education Service Corporation in connection with Lidya Radin's federal student loans.

( 5 )  Pursuant to that subpoena there was no correspondence between the Higher Education Services Corporation and John Scarfone provided by the school.

( 6 )  Pursuant to that subpoena there was <u>no</u> correspondence between the Higher Education Services Corporation and James ( Jimmy ) David provided by the school.

( 7 )  Pursuant to that subpoena there were <u>no</u> records between the Higher Education Services Corporation and the school provided by the school.

( 8 )  Pursuant to that subpoena Michael Potegal's letter of recommendation regarding Lidya Radin's 1993 to 1994 application to medical schools was <u>not</u> provided by the school.

( 9 )  Pursuant to that subpoena Michael Potegal's letter of recommendation is cross-referenced in Myron A. Hofer's letter of recommendation regarding Lidya Radin's 1993 to 1994 application to medical schools.

( 10 )  Pursuant to that subpoena U.S. Senator Daniel Patrick Moynihan's letter of recommendation regarding Lidya Radin's 1993 to 1994 application to medical schools was <u>not</u> provided by the school.

( 11 )  As evidenced by certified return receipts, the many letters that Lidya Radin sent to school officials and others associated with the school were <u>not</u> provided by the school pursuant to the subpoena.

( 12 )  Pursuant to that subpoena I did see one letter from Lidya Radin provided by the school, dated 1996, that demonstrated that Lidya Radin asked for access to her records <u>before</u> she became a "*former*" student.

( 13 )  I did see evidence tampering in the letter of recommendation of Marco Pagotta regarding Lidya Radin's 1993 to 1994 application to medical school in that the text of the letter was not able to be seen clearly as it appeared to be printed so lightly that there were gaps in the letters yet the Barnard letterhead and the

signature of Marco Pagotta was clear, visible, and able to be read; It appeared an absurdity that Marco Pagnott or anyone would sign a letter of recommendation in this condition.

( 14 ) I did see evidence tampering in a form from Columbia University wherein the "3" in the date "1993" was changed in an attempt to change the "3" to a "9" so that the date would appear as "1999" instead of "1993".

I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence within 21 calendar days of tender of this affidavit and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein. Failure to rebut this affidavit will be evidence in the matter noted above that complainant/victim was injured by loss of rights and government agents interference and that they exceeded their jurisdiction.

*Joseph Friendly*
JOSEPH FRIENDLY

Sworn to me, this ___30___ day of *JULY. 2015*

MANUEL A. DELACRUZ
Notary Public, State of New York
No. 01DE6035108
Qualified in New York County
Commission Expires December 27, 2017

## -SUPPLEMENTAL AFFIDAVIT-

### -SUPPLEMENTAL AFFIDAVIT OF JOE FRIENDLY REGARDING LIDYA RADIN'S RECORDS AT THE COURT HOUSE, APPELLATE TERM, FIRST DEPARTMENT, LOCATED AT 60 CENTRE STREET, NEW YORK CITY-

I, Joseph Friendly, a living man, one of the Posterity of the People of New York, reside at 203 W. 107th Street, #8A, New York, New York, 10025, am of full age, am competent and willing to testify, and having personal, first-hand knowledge of the facts stated herein, swear to the following, under penalty of perjury:

( 1 ) On Thursday, July 30, 2015, in the afternoon, I reviewed the records of Lidya Radin at the court house, Appellate Term, First Department, located on the 4th floor, at 60 Centre Street, New York, New York.

( 2 ) I reviewed the July 14, 2009 subpoena demanding the production of records regarding Lidya Radin from Yeshiva University, Albert Einstein Medical College.

( 3 ) Pursuant to that subpoena that the school provide *"The complete unedited file and records from any and all sources of LIDYA RADIN in the form of certified photocopies..."* the school did <u>not</u> provide Ms. Radin's exams.

( 4 ) I did see the unconscionable contract that the school demanded from Ms. Radin wherein it was demanded that she release school officials and others associated with the school from any and all liability.

I demand the right to offer proof of all that I have testified to in this affidavit, have each statement accepted or rebutted with factual evidence within 21 calendar days of tender of this affidavit and/or upon failure to rebut this affidavit, by acquiescence, all parties stipulate to the truth of the facts and statements made herein. Failure to rebut this affidavit will be evidence in the matter noted above that complainant/victim was injured by loss of rights and government agents interference and that they exceeded their jurisdiction.

*Joseph Friendly*   JOSEPH FRIENDLY

Sworn to me, this _1st_ day of _August 2015_

MARK B. LINDE
Notary Public, State of New York
No. 01LI6121090
Qualified in Westchester County
Certificate filed in New York County
Commission Expires Jan. 10, 20__