UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIDYA RADIN,

                    Plaintiff,

              -against-

ACTING PRESIDING JUDGE PETER TOM,
JUDGE NEW YORK SUPREME COURT,
APPELLATE DIVISION, FIRST
DEPARTMENT; AND THE CLERKS OF
COURT, JOHN AND JANE DOES, 1-15;
CYRUS ROBERT VANCE, JR., DISTRICT
ATTORNEY; ERIC SCHNEIDERMAN,
ATTORNEY GENERAL OF THE STATE
OF NEW YORK,

                    Defendants.

16-CV-3291 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action styled as a "Notice of Petition for a Writ of Prohibition."  By order dated May 19, 2016, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.  For the following reasons, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff asserts that her rights are being violated because a New York State criminal court has not "provide[d] [her] with [her] file" related to an apparent criminal charge from 2009 or 2010.  She now seeks to prohibit the "Appellant [sic] Division, First Department from taking any further action because that Court lost jurisdiction by violating" her rights when it did not give the "lower district criminal court" additional time to retrieve her "file from its Archives." Plaintiff states that she has already filed a writ of prohibition with the Appellate Division, First Department, seeking the same relief.

Plaintiff now seeks injunctive relief.  Specifically, she seeks an order preventing the New York State Attorney General's Office "from using public funds to defend the unconstitutional conduct and criminal acts and anti-social behavior of judges;" a subpoena to state courts and various other entities to provide Plaintiff's "complete, unedited, unredacted records" to this Court; and an order preventing the First Department from "proceeding any further" in the case apparently before it.  Plaintiff also seeks the prosecution of Justice Tom under various federal criminal statutes.

**DISCUSSION**

**A.     Abstention Doctrines**

**1.     *Rooker-Feldman* Abstention**

To the extent that Plaintiff challenges the outcome of her current state court proceedings, her claims are barred under the *Rooker-Feldman* doctrine.  The doctrine — created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) — precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accrediated Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Plaintiff's allegations are not very clear, but it seems that she may be challenging final judgments of the New York Supreme Court, New York County, or the Appellate Division, First Department. Those challenges are precluded by the *Rooker-Feldman* doctrine and the Court dismisses them due to lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### 2. *Younger* Abstention

In the alternative, to the extent that Plaintiff challenges *ongoing* state-court proceedings, the Court must dismiss those claims under the abstention doctrine first articulated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (discussing *Younger*); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Sprint*") ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When

there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

The United States Supreme Court has since determined that *Younger* abstention is appropriate in three categories of state proceedings:  (1) where federal jurisdiction would intrude on pending state criminal proceedings; (2) in civil enforcement proceedings that are "akin to criminal prosecutions"; or (3) in civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts."  *Sprint*, 134 S. Ct. at 588.

Under the doctrine of *Younger* abstention, this Court may not interfere in Plaintiff's ongoing state-court proceedings, *see Gibson*, 411 U.S. at 573-74; *Younger*, 401 U.S. at 54; *see Sprint*, 134 S. Ct. at 588.  The Court therefore dismisses, under the *Younger* abstention doctrine, Plaintiff's claims in which she challenges the rulings of the Appellate Division, First Department, or seeks this Court's intervention in that court.[1]

## B.    Private Prosecution

Plaintiff's claims seeking the criminal prosecution of any of the Defendants must be dismissed.  A private citizen cannot prosecute a criminal action in federal court.  *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990); *New York v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977).  Furthermore, because federal prosecutors possess discretionary

---

[1]  The Court is also precluded from issuing injunctive relief as to any of Plaintiff's ongoing proceedings in those state courts pursuant to the Anti-Injunction Act.  Under that Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Plaintiff has asserted no facts showing that an exception articulated in the Act applies to this action.

authority to bring criminal actions, they are "immune from control or interference by citizen or court . . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *Muka*, 440 F. Supp. at 36. The Court therefore dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims in which she seeks the criminal prosecution of any of the Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Immunity of State Officials

The Eleventh Amendment extends immunity to state officials where the state is the "real, substantial party in interest." *Huang v. Johnson*, 261 F.3d 65, 69-70 (2d Cir. 2001). Plaintiff's claims against New York State Attorney General Eric Schneiderman and Justice Peter Tom of the First Department concern their state office and therefore the claims brought against them are in fact brought against the state. Any claims Plaintiff brings against Eric Schneiderman or Peter Tom for monetary damages and retrospective injunctive or declaratory relief are therefore barred by the Eleventh Amendment and are dismissed on that basis.

There is a limited exception to the Eleventh Amendment's bar on claims against state officials in their official capacities where a plaintiff seeks to remedy an ongoing violation of federal law through declaratory or injunctive relief that is properly characterized as prospective. *See Ford v. Reynolds*, 316 F.3d 351, 354-55 (2d Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also Verley v. Goord*, No. 02-CV-1182 (PKC) (DF), 2004 WL 526740, at *9 (S.D.N.Y. Jan. 23, 2004) ("The Eleventh Amendment, however, does not bar suits against state officials in their official capacities where those suits seek prospective injunctive or declaratory relief.").

To the extent Plaintiff seeks prospective injunctive relief against Schneiderman and Tom, she has no claim. The *Ex parte Young* exception is a tool to remedy ongoing violations of federal law. Plaintiff alleges no set of facts suggesting that either Schneiderman or Tom has

violated any of her federal rights.  Plaintiff only seeks an injunction to prohibit Justice Tom (as well as 15 John and Jane Doe clerks) from taking further action in her state-court proceedings, which, as described above, is beyond this Court's authority and jurisdiction.  She also gives no facts concerning Attorney General Schneiderman and only seeks to have his office enjoined from "using public funds to defend . . . judges."  Plaintiff has not alleged sufficient facts to warrant the extraordinary relief afforded by the *Ex parte Young* exception, and her claims against Attorney General Eric Schneiderman and Justice Peter Tom are dismissed.

**D.    Prosecutorial Immunity**

It is not clear what Plaintiff's claim against New York County District Attorney Cyrus Vance is.  She alleges that Vance "proceeded, is proceeding, and is about to proceed without or in excess of jurisdiction (prohibition) against" her.  To the extent she is seeking this Court's intervention in an ongoing state-court proceeding involving District Attorney Vance or his office, those claims are barred by the abstention doctrines discussed above.

To the extent she seeks damages from District Attorney Vance, her claim must be dismissed.  Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process."  *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it").  In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendant Vance are based on actions within the scope of his official duties.  Therefore, to the extent these claims seek monetary relief, they are dismissed on immunity grounds and as frivolous.  28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket.  Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2016
      New York, New York

*Loretta A. Preska*

LORETTA A. PRESKA
Chief United States District Judge